UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY T. WOODS,            )
                             )
        Plaintiff,           )
                             )
    v.                       )    No. 4:07-CV-1507-RWS
                             )
EMERSON SMITH, et al.,       )
                             )
        Defendants.          )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy T. Woods for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, having carefully reviewed the file, the Court finds that the complaint should be dismissed. See 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, as well as Article I of the Missouri Constitution. The named defendants are Emerson Smith (Head Manager, Anheuser-Busch Employees' Credit Union), Pat Minor ("Worker," Anheuser-Busch Employees' Credit Union), May Harris (Branch Manager, Anheuser-Busch Employees' Credit Union), Jane Huyll ("Worker," Anheuser-Busch Employees' Credit Union), Charles R. Klauke (Chairman, Anheuser-Busch Employees' Credit Union), Andy Dierkes (Vice-Chairman, Anheuser-Busch Employees' Credit Union), J. David Osborn (President, Anheuser-Busch Employees' Credit Union), Joe Herman (Secretary-Treasurer, Anheuser-Busch Employees' Credit Union), Jackie Brown ("Client," BJC Behavioral Health), Margietta Doe ("Jackie's Case Worker," BJC Behavioral Health), Mark Stansberry (Executive Director, BJC Behavioral Health), and Cherryl Crayton

(Site Manager, BJC Behavioral Health).  Plaintiff seeks monetary damages in the amount of one million dollars for "emotional and mental stress in which named defendants caused."

Having reviewed the complaint, the Court concludes that the allegations, claims, and named defendants in the instant complaint are virtually identical to those plaintiff set forth in a complaint that this Court previously dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).  See Woods v. Smith, Cause No. 4:07-CV-507-RWS (E.D. Mo.).  As such, the instant complaint will be dismissed as duplicative, frivolous, and malicious under section 1915(e)(2)(B).  See Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992); Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of September, 2007.

_____
**UNITED STATES DISTRICT JUDGE**